Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4950 | **DATE** | 11/5/2012 |
| **CASE TITLE** | Kenneth McGill, vs. Menard, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendant's motion for summary judgment [74] and strikes without prejudice plaintiff's motion to bar defense expert Barnett [72].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

In December 2010, when Kenneth McGill, Jr. was fourteen years old, he was injured while clearing the chute of a snow blower his parents had purchased from Menard, Inc.[1] He seeks to hold Menard liable for his injuries on theories of strict product liability, negligence and breach of express and implied warranty. Menard has filed a Federal Rule of Civil Procedure 56 motion for summary judgment as to the "failure-to-warn" strict liability claim.[2] In Menard's view, the undisputed facts establish that there was an adequate warning label on or near the snow blower's chute or that the absence of a warning was not the proximate cause of plaintiff's injuries.

In fact, there is conflicting evidence as to all of these issues. Menard's expert testified that a label appears to have been removed from the snow blower's chute and plaintiff likely bypassed the "deadman's switch," which stops the impeller blades from rotating when the operator leaves the snow blower controls, by holding the drive lever with one hand and reaching into the chute with the other. (*See* Def.'s LR 56.1(a) Stmt., Ex. G, Barnett Dep. at 46-50, 75-76, 78-79.) He admitted, however, that he could not describe how plaintiff would have had to position his body over the machine to achieve the bypass and did not know how tall plaintiff was on the day of the accident. (*Id.* at 79.) Plaintiff was not asked whether he had bypassed the deadman's switch, though a denial is implicit in his testimony, and both he and his parents testified that there was no warning on the chute or anywhere else on the machine about the impeller blades. (*See* Def.'s LR 56.1(a) Stmt., Ex. B, K. McGill, Jr. Dep. at 13-17, 40-42, 46; *id.*, Ex. I, K. McGill, Sr. Dep. at 20-21; *id.*, Ex. H, S. McGill Dep. at 22-23.) Moreover, though there is evidence that an industry-standard warning was on the snow blower housing telling the user to stop the engine before unclogging the chute, Menard does not offer, and the Court has not found, any authority for the notion that compliance with such a standard precludes liability on a failure-to-warn claim. *See* Restatement (Third) of Torts: Prod. Liability § 4(b) ("In connection with liability for defective design or inadequate instructions or warnings . . . a product's compliance with an applicable product safety statute or administrative regulation is properly considered in determining whether the product is defective with respect to

| STATEMENT |
|---|
| the risks sought to be reduced by the statute or regulation, but such compliance does not preclude as a matter of law a finding of product defect."); *see also Gray v. Degussa Corp.*, No. 02 C 7209, 2006 WL 59389, at *1 (N.D. Ill. Jan. 6, 2006) (stating that evidence of defendant's violation of industry standards is relevant to, but not "*per se* proof of" a strict liability claim under Illinois law). Accordingly, the Court denies Menard's motion for summary judgment.[3] |

1. Plaintiff voluntarily dismissed his claims against a second defendant, Briggs & Stratton Power Products Group, LLC. (*See* 4/2/12 Minute Order.)

2. Menard does not state that its motion is so limited, but the strict liability claim is the only one addressed in its brief.

3. Because the Court did not rely on the portions of defense expert Barnett's testimony to which plaintiff objects, plaintiff's motion to bar Barnett's testimony [72] is stricken without prejudice to refiling, if necessary, as a motion in limine before trial.